IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERRY TURLEY**                                                                                           **PLAINTIFF**

**4:20-CV-00279-BRW**

**UNDERWRITERS AT LLOYDS LONDON**                                         **DEFENDANT**

**ORDER**

Pending is Defendant's Motion for Summary Judgment (Doc. No. 15). Plaintiff has responded and Defendant has replied.[1] For the reasons set out below, the Motion is GRANTED.

**I.    BACKGROUND**[2]

Cascade Financial Services held the mortgage on Plaintiff's property. When Plaintiff failed to maintain insurance on the property, Cascade purchased a "force-place insurance" policy for the property from Defendant. After a fire destroyed the home on February 18, 2019, Defendant issued the full policy amount to Cascade.

**II.   SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that

---

[1]Doc. Nos. 22, 26.

[2]The Background is from Defendant's Statement of Undisputed Material Facts (Doc. No. 17). Because Plaintiff did not refute this filing with his own statement of undisputed material facts, they are deemed admitted. See Local Rule 56.1.

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

1

properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6] A court must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

---

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

### III. DISCUSSION

Plaintiff has failed to provide any evidence that his home was covered by a policy at the time of the fire. First, and most importantly, Defendant's policy was a contract with Cascade, not Plaintiff. Cascade was forced to purchase this policy when Plaintiff failed to maintain insurance on his own. Second, the policies provided by Plaintiff did not cover the period when the fire occurred.[10] Third, the email Plaintiff provided regarding a conversation with Cascade regarding the amount of coverage does not help his case. It is clear someone at Cascade was "in the process of adding the insurance," Plaintiff wanted "replacement value," and Cascade advised that coverage would be for $98,000. However, this conversation was a month <u>after</u> the home had been destroyed by the fire.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

IT IS SO ORDERED this 12th day of June, 2020.

<u>Billy Roy Wilson</u>
UNITED STATES DISTRICT JUDGE

---

[10]Doc. No. 22-2.